UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1989
_____

MOTEL 6 OPERATING LP;
G6 HOSPITALITY IP LLC;
G6 HOSPITALITY FRANCHISING LLC;
G6 HOSPITALITY LLC,

Appellants

v.

HI HOTEL GROUP LLC; NAVNITLAL B. ZAVER;
SHAILESH PATEL; 1450 HOSPITALITY PA LLC;
PRIYESH K. SHAH; INDRAJIT PATEL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cv-02176)
District Judge: Honorable Yvette Kane
_____

Argued November 3, 2016

Before: CHAGARES, HARDIMAN, and SCIRICA, *Circuit Judges*
_____

ORDER
_____

Following a generally favorable result in the District Court, Plaintiffs Motel 6 Operating LP, G6 Hospitality IP LLC, G6 Hospitality Franchising LLC, and G6 Hospitality LLC (collectively, "Motel 6") filed this appeal. Motel 6 claims: (1) the District Court committed legal error when it interpreted the Lanham Act's anti-counterfeiting penalties not to reach the use of the Motel 6 mark without permission; and

(2) the District Court abused its discretion when it failed to award prejudgment interest to Motel 6.

Appellees HI Hotel Group LLC, Navnitlal B. Zaver, Shailesh Patel, 1450 Hospitality PA LLC, Priyesh K. Shah, and Indrajit Patel neither filed a responsive brief nor participated in oral argument. Accordingly, the Court's review and deliberation of the issues presented has been hindered by the absence of an adversarial presentation.

Having reviewed the record below and the brief filed on appeal, along with the relevant statutory and decisional law, the Court agrees that the District Court interpreted the Lanham Act too narrowly and contrary to the weight of persuasive authority. *See, e.g.*, *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708 (9th Cir. 2005); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816 (5th Cir. 1998); *Gen. Elec. Co. v. Speicher*, 877 F.2d 531 (7th Cir. 1989); *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274 (E.D.N.Y. 2009); *but see U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185 (6th Cir. 1997). Accordingly, we will vacate the District Court's order to the extent it holds that Motel 6 may not recover treble damages under 15 U.S.C. § 1117(b), and remand the matter for the District Court to determine, with respect to each individual Defendant/Appellee, whether "extenuating circumstances" exist under Section 1117(b) such that treble damages would not be appropriate as to that particular party.

As for Motel 6's second issue, the District Court held that Plaintiffs were not entitled to prejudgment interest because the case did not involve counterfeiting under the Lanham Act. In light of our decision to vacate the District Court's order with respect to counterfeiting, it follows that we must vacate the order as to prejudgment interest as well. We disagree with Motel 6 that the District Court was required to award prejudgment interest once it found the case exceptional for purposes of attorney's fees and costs under Section 1117(a). Accordingly, we leave the decision whether to award prejudgment interest to the sound discretion of the District Court after it considers anew the counterfeiting issue.

Accordingly, it is hereby ORDERED and ADJUDGED by the Court that the judgment of the United States District Court for the Middle District of Pennsylvania entered March 22, 2016, be and the same is hereby VACATED as to the above two issues alone, and the case is REMANDED to the United States District Court for the Middle District of Pennsylvania. No costs shall be taxed.

BY THE COURT:

s/ *Thomas M. Hardiman*
Circuit Judge

ATTEST:


 s/ Marcia M. Waldron
 Clerk

Dated: November 23, 2016